IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. HOELLER,

    Plaintiff,

v.                                               Case No. 15-C-1088

JOHN BARRETT, Clerk of Milwaukee
County Circuit Court,
KATHLEEN A. MADDEN, Clerk of
Waukesha County Circuit Court, and DIANE
M. FREMGEN, Clerk of Wisconsin Court of
Appeals,

    Defendants.

## BRIEF OF DEFENDANT DIANE FREMGEN
## IN SUPPORT OF MOTION TO DISMISS

## STATEMENT OF THE CASE

Plaintiff Timothy L. Hoeller filed this civil rights action on September 4, 2015, under 42 U.S.C. § 1983. The defendants are John Barrett, Clerk of the Milwaukee County Circuit Court, Kathleen Madden, Clerk of the Waukesha County Circuit Court, and Diane Fremgen, Clerk of the Wisconsin Court of Appeals.

On July 29, 2014, the Milwaukee County Circuit Court entered a money judgment against Hoeller and in favor of Dr. Paul Hartlaub. *See Hoeller v. Paul Hartlaub, MD, et al.*, Milwaukee County Circuit Court Case No. 2014SC17320. (Doc. 1-1: 5). On August 18, 2015, Hoeller filed a notice of appeal. (Doc. 1-2: 26). On August 18, 2015, the Wisconsin Court of Appeals, District I, entered an opinion and

order dismissing the appeal because the notice of appeal was filed too late. *See Hoeller v. Paul Hartlaub, M.D., et al.*, Appeal No. 2015AP1609. (Doc. 1-2: 26-27). On August 25, 2015, the Court of Appeals entered an opinion and order denying Hoeller's motion for reconsideration. (Doc. 1-2: 28).

On October 31, 2014, the Waukesha County Circuit Court entered a final order dismissing Hoeller's action against Dr. Michael Kula. *See Hoeller v. Dr. Michael Kula, Psy, Ph.D.*, Waukesha County Circuit Court Case No. 2014SC3549. On December 9, 2014, Hoeller filed a notice of appeal. On July 1, 2015, the Wisconsin Court of Appeals, District II, entered an opinion and order affirming the final order of the circuit court. *See Hoeller v. Dr. Michael Kula, Psy.D*, Appeal No. 2014AP2859. On July 21, 2015, the Court of Appeals entered an order denying Hoeller's motion for reconsideration. (Doc. 1-2: 14). On July 29, 2015, the Court of Appeals entered an order declining to take any action on Hoeller's second motion for reconsideration because a second motion for reconsideration is not permitted. (Doc. 1-2: 12).

Each order of the Court of Appeals was in the form of a notification of the order from the Office of the Clerk of the Wisconsin Court of Appeals. (Doc. 1-2: 12, 14, 26-28). Defendant Fremgen's name and title appear at the bottom of each notification. (Doc. 1-2: 12, 14, 26-28).

Hoeller alleges that within one year after the judgment was entered in the Milwaukee case, the Office of the Milwaukee County Clerk of Circuit Court denied

- 2 -
Case 2:15-cv-01088-RTR   Filed 09/11/15   Page 2 of 7   Document 8

several requests that he made to reopen the judgment. (Doc. 1-1: 2). He alleges that Defendant Barrett refused to take "corrective action." (Doc. 1-1: 2).

Hoeller alleges that the Office of the Waukesha County Circuit Court provided him with "bogus information" regarding local court rules, which caused his argument in the Court of Appeals to be discounted. (Doc. 1-1: 2).

Hoeller alleges that Defendant Fremgen was "acting like a judge," based on the orders dismissing his appeal in the Milwaukee case. (Doc. 1-1: 2). He alleges that the Court of Appeals never reviewed his appeals for "the subject matter of the case." (Doc. 1-1: 2). He alleges that Defendant Fremgen did not respond to his "last ditch effort" to discuss continuation of his cases. (Doc. 1-1: 2).

Hoeller alleges that the denial of his appeals has violated his civil rights. (Doc. 1: 3-4; 1-1: 2). He seeks injunctive relief, apparently in the form of an order requiring the state courts to decide his appeals on the merits, and potential damages. (Doc. 1: 3-5).[1]

Defendant Fremgen moves to dismiss this action against her on the grounds of Eleventh Amendment immunity, quasi-judicial immunity, qualified immunity, the *Rooker-Feldman* doctrine or abstention, and failure to state a claim upon which relief can be granted. She respectfully submits this brief in support of her motion to dismiss.

---

[1] 42 U.S.C. § 1983 does not permit injunctive relief against a "judicial officer." Section 1983 states, in pertinent part, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . ."

# ARGUMENT

## I. An action for damages against Defendant Fremgen in her official capacity is barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution denies federal courts the authority to entertain suits brought by private parties against a state without the state's consent. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Eleventh Amendment immunity also extends to state officials when they are sued for damages in their official capacity. *See Graham,* 473 U.S. at 169. The clerk of the Wisconsin Court of Appeals is a state official. *See* Wis. Stat. § 230.08(2)(i). Consequently, insofar as this action is brought against Defendant Fremgen for damages in her official capacity, it is barred by the Eleventh Amendment.

## II. This action against Defendant Fremgen is barred by quasi-judicial immunity.

Clerks of court are entitled to quasi-judicial immunity from civil liability when performing acts which have an integral relationship with the judicial process. *See Snyder v.* Nolen, 380 F.3d 279, 286 (7th Cir. 2004); *Ford v. Kenosha County*, 160 Wis. 2d 485, 497 466 N.W.2d 646 (1991). This includes functions that are administrative in character and that are undertaken at the direction of a court or judicial officer. *See Snyder,* 380 F.3d at 287. The purpose of this immunity is to prevent court personnel from becoming "a lightning rod for harassing litigation aimed at a court." *See id.*; *Ford,* 160 Wis. 2d at 497-498.

In this case, although Hoeller claims that Defendant Fremgen was "acting as a judge," which certainly would entitle her to quasi-judicial immunity, it is readily apparent that Defendant Fremgen's sole function was to provide notification of the opinions and orders of the Wisconsin Court of Appeals in Hoeller's appeals. The latter function also entitles her to quasi-judicial immunity. Accordingly, the action against her must be dismissed.

### III. This action against Defendant Fremgen is barred by qualified immunity.

Qualified immunity shields government officials from liability when their conduct does not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant Fremgen could not have known that she was violating of of Hoeller's clearly established statutory or constitutional rights when she issued the opinions and orders of the Wisconsin Court of Appeals. Accordingly, this action against her is barred by qualified immunity.

### IV. This action is barred by the *Rooker-Feldman* doctrine or the abstention doctrine.

A district court lacks authority to review final judgments of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 482 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Ritter v. Ross*, 992 F.2d 750, 752-53 (7th Cir. 1993). "Litigants who feel a state proceeding has violated their constitutional rights must appeal that decision

through their state courts and thence to the Supreme Court." *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996). Alternatively, comity or abstention doctrines may permit or require a federal court to stay or to dismiss a federal action in favor of a pending state court proceeding. *See Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 125 S. Ct. 1517, 1527 (2005).

Insofar as Hoeller is seeking review of the final circuit court judgments, or the opinions and orders of the Wisconsin Court of Appeals, in his two state cases, this action is barred by the *Rooker-Fledman* doctrine. Insofar as Hoeller is seeking review of the opinions and orders of the Court of Appeals in the two cases, rather than seeking review by the Wisconsin Supreme Court, *see* Wis. Stat. § 809.62, this action is barred by the abstention doctrine. In either case, the action must be dismissed.

### V. Hoeller's complaint fails to state a claim upon which relief can be granted.

42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws,* shall be liable to the person injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (Italics added). Hoeller does not allege that Defendant Fremgen has deprived him of any rights, privileges, or immunities that are secured by the federal constitution or laws. Accordingly, he fails to state a claim for relief under 42 U.S.C.

§ 1983, upon which relief against Defendant Fremgen can be granted. Accordingly, the action must be dismissed.

## CONCLUSION

Defendant Fremgen respectfully requests that the court enter a final judgment dismissing this action against her.

Dated at Madison, Wisconsin, this 11th day of September, 2015.

                Respectfully submitted,

                BRAD D. SCHIMEL
                Attorney General

                S/DAVID C. RICE
                Assistant Attorney General
                State Bar #1014323

                Attorneys for Defendant Diane M. Fremgen

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-6823
(608) 267-8906 (Fax)
ricedc@doj.state.wi.us